COMMONWEALTH OF MASSACHU-
SETTS on Behalf of its DEPARTMENT
OF PUBLIC WELFARE, Plaintiff,

v.

Richard E. LYNG, et al., Defendants.

Civ. A. No. 87–1363–Mc.

United States District Court,
D. Massachusetts.

March 4, 1988.

Alice E. Moore, Paul M. Glickman, Sam-
uel E. Marcellino, Jr., Asst. Atty. Gen.,
Boston, Mass., for plaintiff.

Eileen M. Hagerty, Asst. U.S. Atty.,
Richard K. Willard, Asst. Atty. Gen., Frank
L. McNamara, Jr., U.S. Atty., Sheila Lie-
ber, Drake Cutini, Attys., Dept. of Justice,
Civ. Div., Washington, D.C., Steven Savner,
Mass. Law Reform Institute, Boston,
Mass., Patti A. Prunhuber, Western Mass.
Legal Services, Greenfield, Mass., for de-
fendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This decision regarding defendants' mo-
tion to dismiss arises from a dispute over
the proper interpretation of 7 U.S.C.
§ 2014(d)(8) and 7 C.F.R. § 273.9(c)(8),
which govern eligibility criteria for the
Food Stamp Program. Parties to the ac-
tion include the plaintiff, Commonwealth of
Massachusetts on behalf of its Department
of Public Welfare; intervenors, the Coali-
tion of Basic Human Needs, and Sheri May-
nard, a recipient who has received a cloth-
ing allowance from the Commonwealth and
who is a participant in the Food Stamp
Program. Defendants are Richard E.
Lyng in his capacity as Secretary of Agri-

culture; S. Anna Kondratas, Acting Administrator of Food and Nutrition Service; and Linda Silva, Regional Director, Family Nutrition Program, Northeast Region.

Plaintiff's original complaint sought a declaration from this Court that a clothing allowance appropriated by the Massachusetts legislature in 1986 to certain indigent recipients is a nonrecurring payment excludable from the calculation of income for federal food stamp purposes. Defendants, who have denied the clothing allowance as includable income, filed motions to dismiss plaintiff's and intervenor's Complaints, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that their claims are not ripe for review; and because they have failed to exhaust their administrative remedies.

Title 7, U.S.C. § 2014(d)(8) states that: Household income for purposes of the food stamp program shall include all income from whatever source excluding, ... (8) moneys received in the form of nonrecurring lump-sum payments, including, but not limited to, income tax refunds, rebates, or credits, retroactive lump-sum social security or railroad retirement pension payments and retroactive lump-sum insurance settlements: Provided, That such payments shall be counted as resources, unless specifically excluded by other laws.

The regulation, 7 C.F.R. § 273.9(c)(8), tracks the statute with additional details, and it further defines excludable income as,

(8) [M]oney received in the form of a nonrecurring lump-sum payment, including, but not limited to, income tax refunds, rebates, or credits; retroactive lump-sum social security, SSI, public assistance, railroad retirement benefits, or other payments; lump-sum insurance settlements; or refunds of security deposits on rental property or utilities. These payments shall be counted as resources in the month received, in accordance with § 273.8(c) unless specifically excluded from consideration as a resource by other Federal laws.

From 1982, the Massachusetts legislature has appropriated funds to a certain group of eligible recipients as a clothing allowance. A specific condition of legislating these funds is that the grant "shall not be counted as income for determination of eligibility or amount of benefits under the Food Stamp Program." § 4403–2000, 1986 Massachusetts Budget; i.e., the income must be classified as "excludable income".

From 1982 through 1985, the Food and Nutritional Service (hereinafter "FNS") classified the clothing allowance as excludable income, pursuant to its interpretation of the statute. In the fall of 1985, FNS advised the Department of Public Welfare (hereinafter "Department") that although past clothing allowances had been treated as nonrecurring income, the agency could not continue to classify the allowance if it became an annual event. The Department appropriated and distributed the 1986 clothing allowance without classifying it as includable income for purposes of food stamp eligibility, in violation of the FNS interpretation. In September, 1986, FNS reaffirmed its position that the clothing allowance must be included as income to determine the recipients' food stamp eligibility.

Failure to comply with Food Stamp Program requirements exposes the Department to a reduction in its funding, pursuant to 7 C.F.R. § 275.25(4)(ii). Noncompliance is partly determined by a "payment error rate". The Commonwealth's 1986 error rate reflected an error for each household which received a clothing allowance.

The Department sought and obtained regional arbitration regarding its payment error rate, and on May 14, 1987, the decision upheld the FNS interpretation that the clothing allowance was includable income for purposes of determining Food Stamp eligibility. Plaintiff's memorandum in support of its motion for summary judgment, Exhibit A. On October 30, 1987, national arbitration affirmed the regional decision. *Id.*, Exhibit D. On June 26, 1987, FNS informed the Department, by letter, that the Commonwealth's error rate for 1986 had been determined. *Id.*, Exhibit E.

The Department initiated a Good Cause Waiver Hearing, through which it sought a

decision which would excuse the financial sanctions which it incurred as a result of its error rate. No decision has been made, nor is there a date pending for the decision. If the agency rejects the Department's request for waiver, then the Department may appeal the imposition of these sanctions to the Food Stamps Appeals Board. Plaintiffs anticipate that no decision from such an appeal would be available before January, 1989.

Without a decision regarding the waiver, the Department now seeks a declaratory judgment from this Court that (1) the 1986 and the 1987 clothing allowances are nonrecurring lump-sum payments within the meaning of 7 C.F.R. § 273.9(c)(8); and (2) that such a nonrecurring lump-sum payment is excludable income which shall not be used to determine food stamp eligibility. The intervenors also complain that the FNS actions violate their Due Process guarantees under the Fifth and Fourteenth Amendments and the Equal Protection Clause. The defendants move to dismiss on the grounds that the plaintiffs' and intervenors' claims are not ripe for judicial review. Defendants also assert that the plaintiffs must exhaust their administrative remedies before the Court may entertain any review.

■ The basic rationale of the ripeness doctrine, as articulated by the Supreme Court in *Abbott Laboratories et al v. Gardner, Secretary of Health, Education, and Welfare, et al*, is, "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." 387 U.S. 136, 148–149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). The court articulated a two-part test for ripeness which focused upon the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration. *Id.*

In evaluating the fitness of the issues for judicial review, the court examined two factors: first, whether the issue tendered was a purely legal one; and second, whether there was "final agency action" within the meaning of Section 10 of the Administrative Procedure Act, 5 U.S.C. § 704. In *Abbott*, the court determined that statutory construction was a purely legal question, and that the regulations in that case were final agency action within the meaning of the Act.

A final order need not be the very last order. For example, in *Straus Communications, Inc. v. F.C.C.*, 530 F.2d 1001 (D.C. Cir.1976), a letter to a broadcasting station from the FCC was held to be a final order ripe for review on the petition of the station. There, the FCC had not imposed a penalty on the plaintiff station, but warned against any future violations. *Id.* at 1006. The Court of Appeals acknowledged that letters from the agency to the plaintiff were not final orders; nevertheless, because the letters cited an infraction by the station which became part of the station's record, the court concluded that the probability of future, harsher sanctions provided sufficiently present effect to make the letter a final order ripe for review. 530 F.2d at 1006–1007, and cases cited.

In the First Circuit, potential liability to the plaintiff airline for a violation led the court to find adequate grounds for issuing a declaratory judgment. *Northeast Airlines v. Civil Aeronautics Board*, 345 F.2d 662, 665 (1st Cir.1965). The court determined that an "administrative action of a substantial character approaching some degree of finality" was sufficiently final for review. In that case, the only remaining administrative action was the possible imposition of sanctions.

Similarly, in *Continental Airlines, Inc. v. C.A.B.*, 522 F.2d 107 (D.C.Cir.1975), the Court of Appeals held that a mere announcement by an agency was reviewable even though it had not yet been given formal, legal effect. The court found sufficient hardship to the parties where plaintiffs were faced with a dilemma of complying with the agency's policy or risking sanctions for noncompliance. 522 F.2d at 126.

The court in *Continental Airlines* explained how it arrived at its decision to review. The court stated that the interest in postponing review is strong if the agency position is not, in fact, the agency's final position. If the position is likely to be abandoned or modified before it is actually put into effect, then review wastes the court's time and interferes with the process by which the agency is attempting to reach a formal decision. 522 F.2d at 124. The court in *Continental Airlines* went on to state, however, that if the decision by the agency were arrived at in formal, adjudicatory proceedings, and the decision contained no equivocal or tentative language, the reviewing court may be likely to see the agency decision as final. *Id.* at 125.

As one commentator noted, "The present law of ripeness is based on a proper balance between the need for conserving judicial resources and the need for relieving private parties from debilitating uncertainty". Davis, *Administrative Law Treatise*, § 25.16 at 104 (1982 Supp.). As applied to the question before us today, the issue is ripe for review.

Statutory construction of the term nonrecurring lump-sum payment is a legal question, thus fulfilling part one of the test for fitness for judicial review in *Abbott Labs*. Part two requires the Court to examine whether there is sufficiently final agency action which has a practical and immediate effect on the plaintiffs. Like the plaintiffs in *Straus Communications*, the Department received letters from an agency official informing the Department that it was violating an administrative regulation. As in *Continental Airlines* and *Straus*, no actual loss of funds have yet occurred, although potential loss does exist. Also, there is nothing tentative about the FNS letter or the decisions of regional and national arbitration. The agency expected compliance, the decision did not reflect an abstract policy, and the language was unequivocal. That the agency is unlikely to modify or abandon its position that the clothing allowance is income seems obvious based upon other similar decisions in this area. *See*, e.g. *Knebel v. Hein*, 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977);

*State of N.Y. v. Lyng*, 829 F.2d 346 (2nd Cir.1987); *Ruhe v. Bergland*, 683 F.2d 102 (4th Cir.1982); *Allen v. Bergland*, 661 F.2d 1001 (4th Cir.1981); and *Dean v. Butz*, 428 F.Supp. 477 (D.Hawaii 1977).

The Commonwealth and intervenors face a dilemma which requires resolution, analogous to that described in *Continental Airlines*. The FNS interpretation of the clothing allowance directly contradicts the mandate of the Massachusetts legislature, i.e., that the clothing allowance should not be included as income in any determination of eligibility or amount of benefits under the Food Stamp Program. If the Department complies with FNS, it must discontinue appropriation of the state clothing allowance and the recipients lose their funds. If the Department continues to distribute a clothing allowance without following the FNS directive, it violates federal law, and risks the loss of funds and the imposition of sanctions by the agency. This dilemma affects intervenors as well. Plaintiff's attorneys have raised the point that the Commonwealth may be required to recover these funds from the recipients, a prospect which would be devastating to people with such severely strained resources. Under these circumstances, there is sufficiently present effect and hardship upon the Commonwealth and the intervenors to justify review.

■ The defendants also argue that the plaintiff and the intervenors are precluded from seeking judicial review until they have exhausted their administrative remedies. Although exhaustion and ripeness are technically separate grounds for dismissal, they "are related and often overla[p]". *International Union of North America, AFL–CIO v. United States Coast Guard*, 736 F.2d 19, 26, n. 11 (2d Cir.1984).

A primary purpose of the exhaustion doctrine is the "avoidance of premature interruption of the administrative process." *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). Generally speaking, a litigant must exhaust any prescribed remedies available

before seeking judicial review. The exhaustion doctrine, nevertheless, is "like most judicial doctrines, subject to numerous exceptions". *Id.* "Application of the doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." *Id.* In this case, review of the statute would not prematurely interrupt the administrative process.

Further agency action in a good cause waiver hearing, or any appeal to the Food Stamp Appeals Board is not designed to review the agency's interpretation of the clothing allowance as includable income. It appears that the purpose of the hearing is to determine whether to excuse the financial sanctions caused by the Department's violation of the regulations. The decision of the agency seems to be final with regard to the statutory construction of includable income. Similarly, any further action by the Food Stamp Appeal Board will consider the rejection of the good cause waiver, but is unlikely to reconsider the agency's determination that the clothing allowance is includable income. Furthermore, a finding in favor of the plaintiff at the hearing, or at the Food Stamp Appeals Board will not relieve the Department of its need to resolve the interpretation of the statute. A good cause waiver in 1986 will not provide plaintiff with a guarantee that it will not be subject to further sanctions in 1987 or 1988. Therefore, judicial review of the statute's construction prior to the completion of the administrative process will not violate 7 U.S.C. § 2023(a), the statute which grants judicial review, or the purposes of the exhaustion doctrine, and will provide the plaintiff with a definite answer.

Finally, intervenor's arguments that constitutional claims provide an exception to the exhaustion doctrine are true, but are not applicable here. This was made clear by the Supreme Court in the case of *Knebel v. Hein*, 429 U.S. 288, 296–297, 97 S.Ct. 549, 554–555, 50 L.Ed.2d 485 (1977) and further expanded by the Fourth Circuit in *Ruhe v. Bergland*, 683 F.2d 102, 105 (4th Cir.1982) quoting *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1969).

On balance, the need of the Department and intervenors to resolve this dispute outweighs the agency's interest in completing the very last steps of a process which is not meant to address the question of how to define nonrecurring lump-sum payment. The Court therefore denies the defendants' motions to dismiss because it finds the issue ripe for review, and concludes that such review will not offend the statute or the purposes of the exhaustion doctrine.